Laura J. Thalacker, Esq.
Nevada Bar No. 5522
Doreen Spears Hartwell, Esq.
Nevada Bar. No. 7525
HARTWELL THALACKER, LTD.
11920 Southern Highlands Pkwy., Suite 201
Las Vegas, NV 89141
Phone:  702-850-1074
Fax:     702-508-9551
Laura@HartwellThalacker.com
Doreen@HartwellThalacker.com

Attorneys for Defendant MedCure, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KATHLEEN TRAMMELL, an individual, | Case No: 2:14-cv-01364-JAD-PAL |
| Plaintiff, | **JOINT APPLICATION FOR LEAVE PURSUANT TO L.R. 10-5 TO FILE CONFIDENTIAL SETTLMENT AGREEMENT UNDER SEAL FOR *IN CAMERA* INSPECTION AND APPROVAL; AND [PROPOSED] ORDER THEREON** |
| vs. | |
| MEDCURE, INC., a Nevada foreign corporation, | |
| Defendant. | |

Plaintiff Kathleen Trammell ("Trammell"), by and through her counsel, Mark R. Thierman and Joshua D. Buck of Thierman Law Firm, P.C., and Defendant MedCure, Inc. ("MedCure"), by and through its counsel, Laura J. Thalacker and Doreen Spears Hartwell of Hartwell Thalacker, Ltd., hereby submit this Joint Application for Leave Pursuant to L.R. 10-5 to File Confidential Settlement Agreement Under Seal for *In Camera* Inspection and Approval (the "Application); and [Proposed] Order Thereon. Through this Application, the Parties are requesting that this Court: 1) enter an Order permitting the parties to file their Confidential Settlement Agreement under seal pursuant to L.R. 10-5; and 2) enter an Order approving the terms of their settlement as a fair and reasonable resolution of a bona fide wage dispute under the

Fair Labor Standards Act ("FLSA), 29 USC §§ 201, et seq. and Nevada law.

The Parties state the following in support of this Application:

1. Trammell filed a Complaint for damage in the above-captioned matter, which is currently pending in the United States District Court for the District of Nevada (the "Case") in which Trammell alleges that her former employer, MedCure, violated the FLSA and Nevada wage and hour laws (specifically, NRS § 608.016 and § 608.018) by improperly classifying her as "exempt" and failing to timely pay her overtime wages. In addition, Trammell alleges MedCure breached a contract of employment. Trammell's Case seeks back wages, liquidated damages, penalties, pre-judgment and post-judgment interest, other damages, and attorney's fees and costs.

2. MedCure genuinely denies fault, liability or wrongdoing of any kind associated with the claims asserted in the Case. MedCure contends that Trammell, who was paid on a salary basis, was properly classified based on her job duties as an exempt Administrative and/or Outside Sales employee and, therefore, was not eligible to receive overtime payments. MedCure further maintains that it has complied at all times with the FLSA and all applicable Nevada wage and hour laws and that Trammell is not entitled to any of the back wages, liquidated damages, penalties or other amounts claimed in the Case. In addition, MedCure maintains that there was no employment contract between the parties or any breach of such an alleged contract.

3. The Parties, through their counsel, have been involved in extensive settlement negotiations, including exchanging evidence (primarily, time records and wage history records). The Parties have discussed the Case in depth and, to facilitate settlement, have further voluntarily exchanged detailed analysis of the facts and legal issues related to the Parties' respective claims and defenses. The Parties have also exchanged their respective calculation of

HARTWELL THALACKER,
LTD.
ATTORNEYS AT LAW
11920 SOUTHERN HIGHLANDS
PKWY., SUITE 201.
LAS VEGAS,
NEVADA 89141

2

potential damages. Based upon the time records exchanged between the parties, according to the calculations of Ms. Trammell's counsel, if Ms. Trammell were to prevail in her claim for overtime (which MedCure disputes), the maximum amount of back wages available to her (exclusive of liquidated damages and penalties) would total $9,534.75. Based on the Parties' discussions, analysis and exchange of information, the Parties stipulate and represent that there is a bona fide dispute between the Parties regarding the merits of Trammell's Case and the back wages, damages and other amounts claimed therein.

4. Based on the facts and arguments discussed and presented between the Parties, Trammell and MedCure have agreed to resolve the Case in its entirety on terms which they mutually stipulate and agree are fair, reasonable and adequate. The Parties have entered into and executed a confidential settlement agreement (the "Confidential Settlement Agreement"), which enables the Parties to avoid the inherent uncertainty, risk, expense, and inconvenience of protracted litigation. The Confidential Settlement Agreement further will result in Trammell receiving a substantial payment immediately, instead of waiting for a possible payment at an unknown future date. The Confidential Settlement further allows the Parties to put this Case and all issues related to Trammell's employment behind them so that they can eliminate the distractions of litigation and focus on other matters.

5. The Parties are entering into the Confidential Settlement Agreement with the intention of permanently resolving any and all claims asserted, or which could have been asserted, in the Case and/or that are reasonably related to the Case or Trammell's employment, and termination of employment, with MedCure.

6. Trammell's counsel is experienced in wage and hour litigation and is fully satisfied that the resolution and the terms and conditions of the Confidential Settlement Agreement are fair, reasonable, and adequate and that the agreed-upon resolution of the Case

HARTWELL THALACKER, LTD.
ATTORNEYS AT LAW
11920 SOUTHERN HIGHLANDS PKWY., SUITE 201.
LAS VEGAS, NEVADA 89141

and the Settlement Agreement are in Trammell's best interests.

7. The Parties, pursuant to L.R. 10-5, shall contemporaneous with the filing of this Application, submit a copy of the Confidential Settlement Agreement to Chambers for the Court's review and consideration.

8. The terms and conditions of the Confidential Settlement Agreement expressly, and with only very narrow and limited exceptions, prohibit any disclosure of the Agreement's terms.

9. The confidentiality provisions of the Confidential Settlement Agreement are a material and essential terms of the settlement, which was specifically negotiated and agreed to by both Parties.

10. The Parties request that the Settlement Agreement be filed under seal for *in camera* review and approval by the Court for the following reasons:

    a. Confidentiality of the Agreement was and is a material term for both parties and, absent such confidentiality, one of the important incentives for resolving the litigation would be eliminated.

    b. Trammell desires to keep the terms and conditions of the Settlement Agreement confidential, including the amount she is settling for, to preserve her financial privacy and to prevent third parties (including potential future employers) from accessing information related to her personal financial and business affairs.

    c. MedCure desires to keep the terms and conditions of the Settlement Agreement confidential as it has steadfastly denied liability in this Case and is concerned that disclosing the terms of the Settlement Agreement will provide an incentive for third parties to bring, what MedCure views as, non-meritorious claims against the company. MedCure further desires to keep the terms and conditions of the Settlement Agreement confidential as public

disclosure may impact its settlement and/or litigation positions in future legal claims against the company.

11. Parties to a wage and hour lawsuit in which an employee is seeking back wages under 29 U.S.C. § 216(b), may seek the Court's approval for resolution of the litigation. *See*, *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Trammell and MedCure hereby jointly represent, stipulate and agree that the settlement reached between them is fair, reasonable and equitable resolution of Trammell's claims, is in compliance with the policies of the FLSA, and advances judicial economy.

12. There is a strong public policy interest in encouraging resolution of litigation. The Settlement Agreement's confidentiality provision was a material and essential term and condition of the Parties' agreement to resolve this matter. Therefore, Trammell and MedCure hereby jointly move this Court for an Order approving the Confidential Settlement Agreement based on *in camera* review by the Court because the public filing of the Confidential Settlement Agreement would result in the destruction of the confidentiality for which the parties bargained in good faith. *See Phillips ex rel Estates of Byrd v. General Motors Corp.,* 307 F.3d 1206, 1212 (9th Cir. 2002) (recognizing that courts have entered orders protecting confidential settlement agreements); *Kalinausas v. Wong,* 151 F.R.D. 363, 365 (D. Nev. 1993) (prohibiting disclosure in a deposition of "substantive terms" of a confidential settlement agreement and stating, "Confidential settlements benefit society and the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties. Sound judicial policy fosters and protects this form of alternative dispute resolution. . . . The secrecy of a settlement agreement and the contractual rights of the parties thereunder deserve court protection."); s*ee also Flynn v. Portland General Electric Corp*., 1989 WL 112802, \*2 (D. Or.) (granting a protective order barring discovery of a settlement agreement and

explaining that "the strong public policy favoring settlement of disputed claims dictates that confidentiality agreements not be lightly abrogated").

13. Upon the Court's approval of the Confidential Settlement Agreement and MedCure's compliance with payment obligations for the settlement, the Parties will jointly file a Stipulation and Order for Dismissal of the Case with Prejudice.

WHEREFORE, the Parties jointly and respectfully request that the Court allow *in camera* inspection of the Confidential Settlement Agreement; and

WHEREFORE, the Parties jointly and respectfully request that the Court approve the Confidential Settlement Agreement.

DATED this 22nd day of December, 2014.

| HARTWELL THALACKER, LTD. | THIERMAN LAW FIRM, P.C. |
|---|---|
| By: /s/ Laura J. Thalacker | By: /s/ Mark R. Thierman |
| Laura J. Thalacker, Esq.<br>Doreen Spears Hartwell, Esq.<br>11920 Southern Highlands Pkwy.<br>Suite 201<br>Las Vegas, NV 89141<br>Phone: 702-850-1074<br>Fax: 702-508-9551 | Mark R. Thierman, Esq.<br>Joshua D. Buck, Esq.<br>7287 Lakeside Drive<br>Reno, NV 89511<br>Phone: 775-284-1500<br>Fax: 775-703-5027 |
| Attorneys for Defendant MedCure | Attorneys for Plaintiff Trammell |

## ORDER

IT IS SO ORDERED:

Dated: January 13, 2015

_____
United States Magistrate Judge

6

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of December 2014, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmitted to the following CM/ECF registrants:

Mark R. Thierman
Joshua D. Buck
Thierman Law Firm, P.C.
7287 Lakeside Drive
Reno, NV 89511
Attorney for Plaintiff Kathleen Trammell

Jill S. Schwartz
David H. Spalter
Christopher A. Pace
Jill S. Schwartz & Associates, P.A.
655 W. Morse Blvd.
Suite 212
Winter Park, FL 32789
Attorney for Plaintiff Kathleen Trammell
(Pro Hac Vice Admission Pending)

                                                /s/ Laura J. Thalacker

HARTWELL THALACKER, LTD.
ATTORNEYS AT LAW
11920 SOUTHERN HIGHLANDS PKWY., SUITE 201.
LAS VEGAS, NEVADA 89141

## [PROPOSED] ORDER

The Joint Application For Leave Pursuant to L.R. 10-5 to File Confidential Settlement Agreement Under Seal For *In Camera* Inspection and Approval; and [Proposed] Order Thereon ("Application") in Case No: 2:14-cv-01364-JAD-PAL was submitted by Plaintiff Kathleen Trammell and Defendant MedCure, Inc., by and through their counsel of record, before the United States District Court, District of Nevada, the Honorable Jennifer A. Dorsey presiding.

The Court, having read and considered the Parties' Application, and the evidence submitted in support thereof, and having considered the arguments of counsel, and good cause appearing therefore:

The Court finds that the Parties' dispute over Plaintiff Trammell's claims and damages under federal and state law, including the Fair Labor Standards Act, is bona fide and genuine, that the Parties' entered into the Confidential Settlement Agreement in good faith, and that the Confidential Settlement Agreement constitutes a fair and reasonable compromise of Plaintiff Trammell's claims for relief and claimed damages;

IT IS HEREBY ORDERED that the Application is Granted and the Confidential Settlement Agreement is accepted for filing under seal. The Clerk is directed to maintain the Confidential Settlement Agreement under seal, and separate and apart from the public filings in this case, pursuant to Local Rule 10-5.

IT IS FURTHER ORDERED that the Confidential Settlement Agreement filed under seal and duly reviewed and considered by this Court, is approved as to all federal and state claims, including Plaintiff Trammell's wage and hour claims under the FLSA and the Nevada Revised Statutes related to Plaintiff Trammell's claim against MedCure for failure to pay overtime, and penalties, liquidated damages, pre-judgment and post-judgment interest,

HARTWELL THALACKER, LTD.
ATTORNEYS AT LAW
11920 SOUTHERN HIGHLANDS PKWY., SUITE 201.
LAS VEGAS,
NEVADA 89141

other damages, attorney's fees and costs, under the terms set forth in the Application signed and submitted by counsel for both Parties filed herewith under seal.

    IT IS SO ORDERED.

    IT IS FURTHER ORDERED that the parties shall have until **January 27, 2015,** in which to file a stipulation for dismissal.

    DATED this 13th day of January, 2015.

_____
Peggy A. Leen
United States Magistrate Judge

HARTWELL THALACKER, LTD.
ATTORNEYS AT LAW
11920 SOUTHERN HIGHLANDS PKWY., SUITE 201.
LAS VEGAS,
NEVADA 89141